UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SARAH LETCHFORD,

        Plaintiff, :

  v.                       Case No. 2:20-cv-6019
                         Judge Sarah D. Morrison
                         Chief Magistrate Judge Elizabeth
                         P. Deavers

OHIO UNIVERSITY, :

        Defendant.

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendant Ohio University's Motion for Judgment on the Pleadings. (Mot., ECF No. 12.) Plaintiff Sarah Letchford has responded (Resp., ECF No. 16) and Ohio University replied (Reply, ECF No. 19). The motion is now ripe for consideration.

Ms. Letchford's Amended Complaint asserts three claims stemming from her belief that Ohio University discriminated against her on the basis of her mental health disability; she brought claims under Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act (the "Rehabilitation Act"), and a standalone request for declaratory relief. (Am. Compl., ECF No. 8.) For the reasons set forth below, Ohio University's Motion for Judgment on the Pleadings is **GRANTED**.

I.    BACKGROUND

All well-pled factual allegations in the Amended Complaint are accepted as true for purposes of the Motion for Judgment on the Pleadings. *See Tucker v.*

*Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). The following summary draws from the allegations in the Amended Complaint and certain documents integral to and incorporated therein.

### A. Parties

Ms. Letchford alleges that she is "a 'super senior' at Ohio University majoring in Applied Math and Political Science." (Am. Compl., ¶ 16.) In February 2021, she "returned to Athens, Ohio after being on military leave[] for the sole purpose of continuing her studies at Ohio University." (*Id.*)

Ohio University is a public university located in Athens, Ohio, which receives federal funding. (*Id.*, ¶ 18.)

### B. Involuntary Withdrawal

In April 2017, Ms. Letchford was hospitalized for issues relating to a "mental health disability." (*Id.*, ¶¶ 30–31.) Her mother contacted the University to inform them of Ms. Letchford's hospitalization. (*Id.*) Ms. Letchford alleges that the University then involuntarily withdrew her based on the information provided by her mother about her hospitalization, pursuant to the University's policy and practice.[1] (*Id.*, ¶¶ 31–32.)

Ms. Letchford's Amended Complaint includes an undated screenshot of the University's Dean of Students webpage, which includes the following partially obscured text:

---

[1] The University asserts that the withdrawal was in response to Ms. Letchford's mother's specific request to withdraw her. (Mot., p. 2.)

> Alleged violations of the [Student Code of Conduct will be re]ferred to The Office of Community Standards and Student Responsibility. Mental or bodily harm to self or others is a violation of the Student Code of Conduct; this includes suicidal threat and behavior.

(*Id.*, ¶¶ 24–25.) Ms. Letchford does not include a copy of the Student Code of Conduct which was then in effect.[2]

When Ms. Letchford contacted the University "to discuss accessibility options," she was informed of her withdrawal by Assistant Dean of Students, Chad Barnhardt. (*Id.*, ¶ 33.) Ms. Letchford responded with "concern over the legality of her involuntary withdrawal." (*Id.*) Mr. Barnhardt then said that "he didn't help students unless they were nice to him." (*Id.*)

### C. Provisional Refusal to Reinstate

Following her withdrawal, Ms. Letchford requested reinstatement and provided a note from a medical provider in support of her return. (*Id.*, ¶¶ 36–38.) Mr. Barnhardt did not accept the note from Ms. Letchford's provider and instead requested "an additional letter from a medical provider." (*Id.*) Mr. Barnhardt acknowledged it would take additional time to establish a relationship with a new provider but, according to Ms. Letchford, he stated this "was not his problem." (*Id.*)

During this time, Ms. Letchford alleges that the University "did not provide or attempt to provide . . . any reasonable accommodations that would permit her" to

---

[2] While Ms. Letchford's Amended Complaint references the Student Code of Conduct (the "Code"), it references the version in effect at the time of her withdrawal in 2017. The University provided a version of the Code which was not in effect until August 18, 2020. Therefore, it cannot properly be incorporated into the Amended Complaint and will not be considered by the Court. *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

3

remain enrolled or re-enroll at the University. (*Id.*, ¶¶ 32, 40.) She states that her withdrawal has jeopardized her eligibility for the University's fixed tuition guarantee. (*Id.*, ¶¶ 26–27.)

As the name implies, the University's fixed tuition guarantee program guarantees a fixed tuition rate for four years following a student's initial enrollment. (Mot., PAGEID # 104.) Withdrawal from the University may impact a student's fixed tuition guarantee if it delays their degree completion beyond the initial four-year period. (*Id.*, PAGEID # 108.) However, the program provides express exceptions for students with extenuating circumstances "such as military service or emergency medical conditions." (*Id.*, PAGEID # 109.) The only requirement is that the extenuating circumstances are verified by the University. (*Id.*)

## II.    STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed in the same manner as a motion to dismiss under Rule 12(b)(6). *Tucker*, 539 F.3d at 549. To overcome such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv,*

*Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A motion for judgment on the pleadings should be granted when there is no material issue of fact and the moving party is entitled to judgment as a matter of law. *Tucker*, 539 F.3d at 549.

## III. ANALYSIS

The University puts forth several reasons why it is entitled to judgment on the pleadings. (Mot., *generally*.) Specifically, the University argues that: Ms. Letchford's claims are time-barred (*id.*, 3); the Amended Complaint fails to allege Article III standing (*id.*, 5); Ms. Letchford's claims are barred by the Eleventh Amendment (*id.*, 11); and the Amended Complaint fails to state a claim (*id.*, 13). Because the statute of limitations argument is case dispositive, the Court need not address the University's other arguments.

Neither the Rehabilitation Act nor Title II of the ADA specify a statute of limitations, so the Court looks to the most analogous state law and adopts its limitations period. *McCormick v. Miami Univ.*, 693 F.3d 654, 662 (6th Cir. 2012). The Sixth Circuit has held that the applicable statute of limitations for claims brought in Ohio under both acts is two years. *Id.*, at 662–64 (holding most analogous state law is personal injury statute provided in Ohio Rev. Code § 2305.10). Therefore, the University's Motion for Judgment on the Pleadings must be granted if it is apparent on the face of the pleadings that the two-year statute of

5

limitations expired before the complaint was filed. *See Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008).

The statute of limitation begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of [her] action." *Endres v. Ne. Ohio Med. Univ.*, 938 F.3d 281, 292 (6th Cir. 2019). Here, Ms. Letchford has alleged three allegedly discriminatory acts by the University: (1) her involuntary withdrawal in April 2017 (Am. Compl., ¶¶ 30–32); (2) the refusal to accommodate her or to re-enroll for that Spring term (*id.*, ¶¶ 30, 36, 39, 40); and (3) the refusal to allow her to return for the semester following her hospitalization (*id.*, ¶ 36). Thus, Ms. Letchford had reason to know of the injuries which are the basis of her action by the Spring term of 2017 or, at the latest, Fall term of 2017.[3] Ms. Letchford initiated this action more than three years later, on November 22, 2020. (ECF No. 1.) Accordingly, it is clear from the face of the pleadings that the statute of limitations expired, and the claims therein are time-barred.

Ms. Letchford argues for an alternative conclusion on two grounds. First, that any statute of limitations is inapplicable because her claims are brought in equity. And, second, that even if a statute of limitations applies, her claims are subject to the continuing violations exception. Neither argument is persuasive.

---

[3] Ms. Letchford alleges she missed a "full year of college" because of the withdrawal in April 2017 but does not specifically allege she was denied re-enrollment beyond the "semester following her hospitalization. (Am. Compl., ¶ 35–36.) Even if the Court were to assume *arguendo* that Ms. Letchford was denied re-enrollment for a full-calendar year after she was withdrawn, her claims would still be time-barred.

6

First, Ms. Letchford argues that her claim is brought in equity and, therefore, the statute of limitations is inapplicable. However, "equity will withhold its remedy if the legal right is barred by the local statute of limitations." *Russell v. Todd*, 309 U.S. 280, 289 (1940). While it is true that Ms. Letchford independently pled declaratory relief, her claims are nonetheless brought in aid of the legal rights created in the Rehabilitation Act and Title II of the ADA. *See Int'l Ass'n of Machinists & Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997) (finding independently pled request for declaratory relief time-barred because substantive claims were time-barred). Since these concurrent legal rights are barred by the statute of limitations, her entire claim is time-barred. Her first argument fails.

Without citing any caselaw, Ms. Letchford next argues that the statute of limitations does not apply because the University's "discriminatory policies and practices are ongoing violations of the ADA and the Rehabilitation Act." (Resp., 11.) Ms. Letchford is presumably asserting the "continuing violations" doctrine, which encompasses "narrowly limited exceptions" to statutes of limitations. *E.E.O.C. v. Penton Indus. Publ'g, Co.*, 851 F.2d 835, 838 (6th Cir. 1988). As the University points out, this doctrine is most commonly applied in employment discrimination cases. Even if the continuing violations doctrine were used in the education discrimination context, Ms. Letchford has not pled sufficient facts to invoke it.

Parties who seek to invoke the continuing violations doctrine must allege at least one discriminatory act within the limitations period. *Pittman v. Spectrum*

*Health Sys.*, 612 F. App'x 810, 813 (6th Cir. 2015). As discussed, the time period of the University's allegedly discriminatory conduct falls outside the limitations period. While Ms. Letchford references subsequent consequences of her involuntary withdrawal—like the alleged loss of the fixed tuition guarantee—those consequences do not constitute "present, discrete illegal acts." *Id*. at 814; *see also Joishy v. Cleveland Clinic Found.*, 3 F. App'x 259, 261 (6th Cir. 2001) (per curiam) ("Consequences of past acts . . . are insufficient to establish present acts of discrimination and will not extend or toll the limitations period."). Accordingly, Ms. Letchford's second argument fails.

Because it is apparent on the face of the Amended Complaint that Ms. Letchford's claims are time-barred, the University's Motion for Judgment on the Pleadings is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, the University's Motion for Judgment on the Pleadings (ECF No. 13) is **GRANTED** and the action is **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**